IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHARON K. FLACK,

          Plaintiff,

v.                                          CIVIL ACTION NO.  2:25-cv-00253

MARK HUNT, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Mark Hunt's ("Defendant Hunt") Motion to Dismiss. (ECF No. 7.) For the reasons discussed herein, the motion is **GRANTED**.

### I.   BACKGROUND

This matter arises out of the sale of Plaintiff Sharon Flack's ("Plaintiff") property. (ECF No. 1 at 1, ¶ 1.) According to the Complaint, Plaintiff has been living in her home in Charleston, West Virginia (the "Property") since 1989. (*Id.* at 5, ¶ 16.) Plaintiff claims that she paid off her mortgage and owned the Property free and clear of any and all liens since 2004. (*Id.*, ¶ 17.) However, she admits that she neglected to pay her real estate taxes in 2021. (*Id.*, ¶ 18.)

As a result of these unpaid taxes, the Sheriff of Kanawha County, West Virginia allegedly conducted a tax auction to sell a tax lien on the Property on October 31, 2022. (*Id.*, ¶ 19.) Plaintiff claims that Defendant WVTA, LLC ("Defendant WVTA") purchased the tax lien on the Property for $3,966.84, which was the amount of tax and interest due on her home. (*Id.*, ¶ 20.)

A Notice of the Right to Redeem, dated October 5, 2023, was sent via certified mail to Plaintiff, notifying her that she had a right to redeem the taxes by payment of $5,698.74. (*Id.*, ¶ 22.) Yet, Plaintiff avers that she did not receive this notice, and, as a result, did not redeem the Property, even though she could have paid the redemption amount. (*Id.* at 6, ¶¶ 22–23.)

Then, the Complaint alleges that Mr. G. Russel Rollyson ("Mr. Rollyson"), the former Deputy Commissioner of Delinquent and Non-entered Lands for the State of West Virginia, (*id.* at 2, ¶ 6), signed a tax deed in favor of Defendant WVTA on July 17, 2024, (*id.* at 6, ¶ 25). This tax deed transferred legal title of the Property to Defendant WVTA and deprived Plaintiff of her right to title and approximately $275,000 in equity she held in the Property. (*Id.*) Plaintiff claims she did not know of the sale until January 2025 when Defendant WVTA left a doorhanger, asking Plaintiff to contact Mr. Oak Hall ("Defendant Hall"), (*id.*, ¶ 26), the incorporator and principal of Defendant WVTA, (*id.* at 3, ¶ 8). Plaintiff also asserts that Defendant WVTA rejected her subsequent offers to redeem the Property by paying the redemption amount and all statutory charges. (*Id.* at 6, ¶ 27.)

Consequently, Plaintiff filed a lawsuit against Defendant Hunt, in his official capacity as the current West Virginia State Auditor and successor to Mr. Rollyson, Defendant WVTA, and Defendant Hall. (*See id.* at 2–3.) The Complaint asserts two causes of action under 42 U.S.C. § 1983 against all defendants: (1) an uncompensated taking in violation of the Fifth Amendment of the United States Constitution; and (2) an excessive fine in violation of the Eighth Amendment of the United States Constitution. (*Id.* at 8–9.) Plaintiff requests declaratory and injunctive relief, as well as attorney's fees and costs. (*Id.* at 9–10.)

Defendant Hunt filed the pending Motion to Dismiss on May 28, 2025. (ECF No. 7.) Plaintiff filed a response,[1] (ECF No. 10), and Defendant Hunt filed a reply, (ECF No. 12). As such, this motion is fully briefed and ripe for adjudication.

## II.   LEGAL STANDARD

It is axiomatic that a court must find it has jurisdiction before determining the validity of any claims brought before it. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "The burden of showing the existence of subject matter jurisdiction rests on the plaintiff." *Adkins v. United States*, 923 F. Supp. 2d 853, 857 (S.D. W. Va. 2013) (citation omitted). "If the plaintiff fails to meet this burden, then the claim must be dismissed." *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005) (citing *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001)).

It is firmly established that the Eleventh Amendment bars an individual citizen from bringing a suit in federal court against a sovereign state. *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 48 (4th Cir. 1996) (citation omitted); *see also Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990) (construing the Eleventh Amendment "to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state" (internal quotation marks and citation omitted)). While sovereign immunity is "not a true limit on the subject-matter jurisdiction of federal courts, the Eleventh Amendment is a block on the exercise of that jurisdiction." *Id.* (quotation marks and citations omitted). "Given this nexus between subject matter jurisdiction and sovereign immunity, the Fourth Circuit has not yet resolved whether a motion to dismiss based on sovereign immunity is properly considered pursuant to Rule 12(b)(1) or Rule 12(b)(6)." *A.M. v. Demetro*, Civ. Act. No.

---

[1] Plaintiff also filed an unopposed Motion for Extension of Time to Respond to the pending motion to dismiss. (ECF No. 9.) For reasons appearing to the Court, this motion is **GRANTED**.

2:22-00421, 2024 WL 218139, at *1 (S.D. W. Va. Jan. 19, 2024) (citation omitted). Still, "the trend has been to treat the assertion of Eleventh Amendment immunity as motions under Rule 12(b)(1)." *Wriston v. W. Virginia Dep't of Health & Hum. Res.*, No. 2:20-CV-00614, 2021 WL 4150709, at *2 (S.D. W. Va. Sept. 13, 2021) (Johnston, J.); *see also Cornell v. W. Virginia Div. of Corr. & Rehab.*, No. 2:24-CV-00120, 2024 WL 4368991, at *3 (S.D. W. Va. Oct. 1, 2024) (Berger, J.) (quoting *Skaggs v. W. Reg'l Jail*, No. 3:13-3293, 2014, WL 66645, at *4 (S.D. W. Va. Jan. 8, 2014) (Chambers, J.)).

Challenges to jurisdiction under Rule 12(b)(1) may be raised in two distinct ways: (1) a facial attack or (2) a factual attack. *See Evans v. United States*, 105 F.4th 606, 615 (4th Cir. 2024). As is relevant here, under a facial attack, "the defendant contends that the allegations in the complaint are insufficient to confer subject-matter jurisdiction." *Id.* (citing *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). In such a case, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Kerns*, 585 F.3d at 192 (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Thus, "the facts in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.* However, before giving allegations the presumption of truth, the court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Saunders v. Jividen*, No. 2:21-cv-00250, 2024 WL 3307849, at *3 (S.D. W. Va. May 24, 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

4

### III.     DISCUSSION

As an initial matter, Defendant Hunt claims he is entitled to sovereign immunity.[2]  (ECF No. 8 at 9–13.)  "The Eleventh Amendment bar to suit is not absolute." *Feeney*, 495 U.S. at 304 (1990).  Three narrow exceptions exist to that constitutional limitation. *Lee-Thomas v. Prince George's Cnty. Public Schools*, 666 F.3d 244, 248 (4th Cir. 2012).  Relevantly, one of those exceptions is that "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004); *Gibbons v. Gibbs*, 99 F.4th 211, 214 (4th Cir. 2024) (explaining that the *Ex parte Young* exception "allows suits for declaratory or injunctive relief against state officers in their official capacities") (quotation marks removed).  Under this exception, a state official who acts in violation of federal law is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." *Ex parte Young*, 209 U.S. 123, 160 (1908).  To determine whether a suit may proceed under *Ex parte Young*, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotation marks omitted) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring)).

However, the *Ex parte Young* exception only applies when a complaint alleges an ongoing violation of federal law and "seeks relief properly characterized as prospective." *Hutto v. South Carolina Retirement System*, 773 F.3d 536, 549 (4th Cir. 2014) (quoting *Verizon*, 535 U.S. at 645).

---

[2] The pending motion to dismiss offers several reasons why Defendant Hunt should be dismissed.  (*See* ECF No. 8.) As noted above, though, the Court must find it has jurisdiction before considering the validity of any claims.  *Evans*, 166 F.3d at 647.

5

Retroactive relief that "requires payment of state funds, not as a necessary consequence of compliance in the future with a substantive federal-question determination, but as a form of compensation" for the past wrong, remains barred. *Edelman v. Jordan*, 415 U.S. 651, 668 (1974) (holding that compensation for illegalities that occurred before a federal court's judgment is a "retroactive award of monetary relief" barred by the Eleventh Amendment). In other words, what matters is not whether a plaintiff is seeking relief that will require the expenditure of state funds, but whether the "relief sought is prospective or retroactive in nature." *Antrican v. Odom*, 290 F.3d 178, 186 (4th Cir. 2002).

Here, Plaintiff asserts that Defendant Hunt, who is sued in his official capacity, is not entitled to sovereign immunity from declaratory or prospective injunctive relief under the *Ex parte Young* exception. (*See* ECF No. 10 at 9.) Conversely, Defendant Hunt insists that the *Ex parte Young* exception does not apply because the substance of Plaintiff's requested relief is, in fact, retroactive monetary damages. (*See* ECF No. 12 at 5). The Court agrees with Defendant Hunt.

The Fourth Circuit very recently addressed a similar situation. *See Albert v. Lierman*, --- F.4th ----, 2025 WL 2608433 (4th Cir. 2025). In *Albert*, the plaintiff was a Maryland resident who alleged that he owned property held in custody by the state of Maryland (the "State") pursuant to the Maryland Uniform Disposition of Abandoned Property Act ("the Act"). *Id.* at *1. Under the Act, the State assumes temporary custody of various forms of property that are "presumed abandoned" after an owner has not engaged with the property for a period of time. *Id.* Under the Act, the owner can reclaim their property but not the accrued interest. *Id.*

Because he would not be entitled to the accrued interest, the plaintiff did not file a claim for his property with the State. *Id.* at *1. Instead, he asserted a Takings claim against the State

6

in federal court based on his lost, accrued interest in the property. *Id.* at *1–2 (alleging that the Act allows the State to "accrue interest on the property it holds without paying it back to the claimants"). He sought declaratory judgment that this refusal to pay accrued interest is a taking, as well as an injunction requiring the State to pay the full measure of just compensation—principal plus interest—when he files to reclaim his property in the future. *Id.* at *2. With that relief in hand, the plaintiff then planned on filing a claim with the State for just compensation. *Id.* at *4.

The Fourth Circuit ruined Plaintiff's plan, though, by holding that this "prospective" relief did not fall under the *Ex parte Young* exception. *Id.* The Court explained that the fact that Plaintiff sought "relief in the form of a declaratory judgment and an injunction, rather than damages," was not dispositive:

> That was precisely the situation in *Edelman*, in which the Supreme Court held that a federal-court injunction styled as equitable restitution was barred by the Eleventh Amendment because in practical effect it required the payment of benefits wrongfully withheld in the past, at a time when [the state] was under no court-imposed obligation to make such payments. It is the substance of the relief sought, not the form, that controls. If an injunction or declaratory judgment would in essence compensate a party for a past injury, then it is retrospective, not prospective, under *Ex parte Young*. A remedy for past injury, even if it purports to be an injunction against state officers requiring the future payment of money, is barred[.]

*Id.* (internal quotations and citations omitted).

Applying this standard to the case in *Albert*, the Fourth Circuit reasoned that the plaintiff's request for declaratory judgment and injunction "would require the State of Maryland, through its Comptroller, to pay interest already accrued on that property, dating back—before the entry of any federal-court judgment in this case—to the moment his property was allegedly 'taken,'" which would be "tantamount to an award of damages for a past violation of federal law." *Id.* at *5 (internal citations omitted). As such, the Plaintiff was seeking "an amount 'measured in terms of

7

a monetary loss resulting from a past breach of a legal duty' on the part of state officials." *Id.* (internal quotations and citations omitted). Thus, to the extent the plaintiff sought "compensation for interest accrued on his property for the period of time starting with the alleged 'taking' and until the future date of a hypothetical federal court judgment, that relief is properly categorized as retroactive and thus barred by the Eleventh Amendment." *Id.* at *5 (collecting cases); *but see id.* at *6 (allowing an injunction requiring the State to pay *post-judgment* interest).

In this case, Plaintiff "seeks declaratory and injunctive relief with respect to 'just compensation'" for an alleged taking that "accrued before the date of any court judgment." *See id.* Specifically, Plaintiff asks for, *inter alia*,[3] declaratory relief that she is "entitled to just compensation" for Defendants' alleged constitutional violations in "the taking of Plaintiff's home . . . on July 17, 2024" and a "judgment against Defendants for such just compensation and Plaintiff's actual and compensatory damages." (*See* ECF No. 1 at 9–10, ¶ 43.) Consequently, her claim must be dismissed under the Eleventh Amendment. *See Albert,* at *6.

Accordingly, Defendant Hunt's Motion to Dismiss is **GRANTED** insofar as he asserts sovereign immunity.[4]

---

[3] Plaintiff also requested more general declaratory relief that "that Defendants violated Plaintiff's constitutional rights as alleged." (ECF No. 1 at 9, ¶ 43(a).) However, the Supreme Court has reasoned that declaratory relief is not available "if the federal judgment [would be] *res judicata* in subsequent state proceedings," because "then the federal court will have lifted the case out of the state court before the state agency or court can hear it," and, "[o]n the other hand, if the federal judgment would not have such an effect, then it would 'serv[e] no useful purpose as a final determination of rights.'" *Green v. Mansour*, 474 U.S. 64, 72–73 (1985) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 247 (1952)). Here, this requested declaratory relief that Defendants violated Plaintiff's constitutional rights as alleged would not serve any conceivable purpose other than to preclude a state court from considering the issue. Thus, this declaratory relief is not available. *See Green*, 474 at 72–73.

[4] Because Defendant Hunt is entitled to sovereign immunity, the Court declines to consider any other arguments presented in the pending motion.

## IV. CONCLUSION

For these reasons, Defendant Hunt's Motion to Dismiss is **GRANTED**. (ECF No. 7.) The Court further **DISMISSES** Defendant Hunt from this action and **DIRECTS** the Clerk to remove Defendant Hunt as a named defendant in this matter.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 15, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE